9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re GRAND JURY SUBPOENA, 93-2-1-01.
 No. 93-1517.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Doe appeals the district court's order finding a general waiver of her attorney client privilege and enforcing a grand jury subpoena directed to Appellant's former attorney.
 
 
 2
 The Appellant participated in investigative interviews for fraud at the offices of the Federal Bureau of Investigation in Detroit, Michigan. On March 23, 1993, the United States filed a Motion to Enforce a Grand Jury Subpoena and Compel Answers in the United States District Court for the Eastern District of Michigan. The motion indicated that the Appellant's attorney had been subpoenaed to appear and testify before the Grand Jury on April 13, 1993. The motion further stated that on February 22, 1993, the Appellant's attorney stated that he would refuse to appear and answer questions before the Grand Jury without a U.S. court order stating that the Appellant had waived her attorney-client privilege. The United States requested that district court issue an order stating, first, the Appellant had waived any attorney-client privilege existing as to the Appellant's attorney, and second, requiring the attorney to appear and testify before the Grand Jury on April 13, 1993 and any other required dates.
 
 
 3
 On April 5, 1993, the district court granted the Appellant leave to intervene and file a response and a brief opposing the motion of the United States. The Appellant asserted that she had not waived her attorney-client privilege and that the issue presented to the district court did not constitute a case or controversy that was ripe for adjudication.
 
 
 4
 On April 7, 1993, the district court granted the motion to compel testimony stating that the Appellant completely waived her attorney-client privilege based on excerpts from the investigative interviews concerning an ambiguous interchange with her counsel and containing numerous references to her former attorney.
 
 
 5
 On April 9, 1993, the Appellant filed a timely Notice of Appeal and a motion requesting a stay of the enforcement order pending appeal. On April 14, 1993, the district court granted the stay pending this appeal.
 
 
 6
 The Appellant argues that the district court erroneously ordered that a general waiver of her attorney-client privilege with respect to her attorney had occurred and that the order to compel the attorney to testify is premature and constitutes an improper advisory opinion.
 
 
 7
 Having carefully considered the record and the issues presented in the briefs and at oral argument, we find no error warranting reversal. We, therefore, affirm the order by the Honorable Paul V. Gadola. United States District Court Judge for the Eastern District of Michigan, for the reasons set forth in his April 7, 1993, Opinion and Order.
 
 
 8
 RALPH B. GUY, Jr., Circuit Judge, concurring.
 
 
 9
 I agree with the result reached on the jurisdictional issue as well as the substantive issue. I write separately only because we affirm on the basis of the district court opinion, and my analysis differs in one respect from that of the district judge.
 
 
 10
 As I read the district judge's opinion, he found an express waiver of the attorney-client privilege.[1] Although I do not find it necessary to expressly reject this conclusion, I am more comfortable in concluding that a waiver may be appropriately implied from the totality of the circumstances.
 
 
 11
 The parties have rightly spent a bit of time discussing our standard of review of this matter. No decision of our circuit answers this question, and other circuits are split on the issue. Compare United States v. Mendelsohn, 896 F.2d 1183, 1188 (9th Cir.1990) (the determination of waiver of privilege is reviewed de novo ) with United States v. Blizerian, 926 F.2d 1285, 1293 (2d Cir.1991) (abuse of discretion) and United States v. Wilson, 798 F.2d 509, 512 (1st Cir.1986) (existence of privilege is a factual determination that will be overruled only if clearly erroneous). I conclude that in this case our review of the district court's order must proceed de novo. The district court only reviewed the transcripts, as we do, without benefit of live testimony. The court was in no better position than we are in making its decision, and we therefore are not bound by its interpretation of the transcripts.
 
 
 12
 The attorney-client privilege cannot be used as a shield and a sword at the same time. In re von Bulow, 828 F.2d 94, 103 (2d Cir.1987); see also Clark v. United States, 289 U.S. 1, 15 (1933) ("The privilege takes flight if the relation is abused."). The privilege may be implicitly waived when the holder of the privilege asserts a claim that requires examination of protected communications. Blizerian, 926 F.2d at 1292 (defendant's claim that his actions were legal would place his knowledge of the law and his basis for such knowledge in issue and therefore conversations with counsel regarding the legality of schemes would be directly relevant). Client also may waive the privilege impliedly through their actions. In re von Bulow, 828 F.2d at 101 (collecting cases). An attorney also may possess the implied authority to waive the privilege on behalf of his client. 8 John H. Wigmore, Wigmore on Evidence Sec. 2325 (McNaughton rev. ed. 1961). Moreover, clients retain the responsibility to ensure continued confidentiality of their communications. In re von Bulow, 828 F.2d at 101.
 
 
 13
 My review of the record in this case forces me to conclude that Moses did impliedly waive her privilege. As the government noted, Moses offered Surtees several times as a witness to corroborate her story. In addition, Moses asserted that a conspiracy existed that involved Surtees, for he represented both Romtex and Moses and allegedly chose to work against Moses' interests. Moses also disclosed selective communications between herself and Surtees. Finally, Moses relied on an "advice of counsel" defense when she indicated that she could not have intended any wrongdoing because she was relying on the advice of Surtees. See Blizerian, 926 F.2d at 1292. Taken together, these responses to questions during the four days require a finding that she waived the privilege in its entirety. Although Moses' attorneys may have attempted to preserve the privilege as to Surtees by arguably failing to grant an express waiver during the four days of interviews, their efforts were unavailing. Through the actions of their client, the privilege as to Surtees already had been waived.
 
 
 
 [1]
 For the reasons that follow, the court finds that the privilege has been waived by Ms. Moses' direct waiver of the attorney-client privilege during her week-long discussion with the FBI-Detroit, the U.S. Attorney's Office for the Eastern District of Michigan, and a prosecutor from Switzerland, wherein she revealed the so-called privileged communications between herself and Anthony Surtees." (App. at 161) (emphasis added)